UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1869(DSD/TNL)

Charles Degnan, Kenneth
McCardle, Virginia Belford,
and Dale Erlandson, individually
and on behalf of a class,

       Plaintiffs,

v.                                              **ORDER**

Kathleen Sebelius, Secretary
of the Department of Health
and Human Services, and
Michael Astrue, Commissioner
of the Social Security
Administration,

       Defendants.

      Douglas M. Weems, Esq. and Spencer, Fane, Britt & Browne, LLP, 1000 Walnut, Suite 1400, Kansas City, MO 64106, counsel for plaintiffs.

      Frederich A.P. Siekert, Esq., Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendants Kathleen Sebelius, in her official capacity as Secretary of Health and Human Services, and Carolyn W. Colvin, in her official capacity as Acting Commissioner of the Social Security Administration (SSA). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This Medicare-benefits dispute arises out of an alleged miscalculation of Medicare Part B (Part B) premiums owed by plaintiffs Charles Degnan, Kenneth McCardle, Virginia Belford and Dale Erlandson. Part B is "a voluntary insurance program to provide medical insurance benefits ... for aged and disabled individuals who elect to enroll under [the] program." 42 U.S.C. § 1395j. The program is "financed from premium payments by enrollees together with contributions from funds appropriated by the Federal Government." Id. Plaintiffs, as late enrollees to Part B, must pay an increased premium. Second Am. Compl. ¶¶ 4, 34; see 42 U.S.C. § 1395r(b).

In a separate lawsuit in 2009, Degnan brought a putative class-action challenging the Part B late-enrollee premium calculation. See Degnan v. Sebelius, 658 F. Supp. 2d 969 (D. Minn. 2009) (Montgomery, J.) [hereinafter Degnan I]. In Degnan I, the court determined that the SSA's calculation of late-enrollment premiums conflicted with the plain language of the Medicare Act. Id. at 986. The court limited its holding to Degnan, however, and declined to award classwide relief. Id. at 988. Thereafter, the SSA recalculated Degnan's Part B premiums for 2004 through 2010 and issued a refund of $759.70. Siekert Decl. Ex. 1.

In the present suit, Degnan asserts that his Part B premiums for 2011 and 2012 reverted to the pre-Degnan I methodology. After

2

plaintiffs filed suit in the instant matter, defendants conceded that Degnan's premiums were incorrectly calculated and adjusted his 2011 and 2012 premiums.  Siekert Decl. Ex. 2.  Degnan alleges that the new calculation remains incorrect.  Second Am. Compl. ¶ 11.

On October 15, 2012, plaintiffs filed a second amended putative class-action complaint, alleging a violation of the Medicare Act.  Specifically, plaintiffs argue that the calculation of their late enrollment penalty conflicts with the statutory language of § 1395r(f) of the Medicare Act.  Defendants move to dismiss.

## DISCUSSION

### I. Standard of Review

A court must dismiss an action over which it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  In a facial challenge under Rule 12(b)(1), the court accepts the factual allegations in the pleadings as true and views the facts in the light most favorable to the nonmoving party.  See Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008); see also Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) ("[T]he non-moving party receives the same protections [for facial attacks under Rule 12(b)(1)] as it would defending against a motion brought under Rule 12(b)(6)." (citation omitted)).  As a result, the court limits its inquiry to the pleadings, matters of public record and

materials necessarily embraced by the pleadings.  See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (listing materials court may consider in a 12(b)(6) challenge); Osborn, 918 F.2d at 729 n.6.

## II.  Subject-Matter Jurisdiction

Defendants argue that the court does not have subject-matter jurisdiction, as plaintiffs have not exhausted their administrative remedies.[1]  Section 405(g) of Title 42 "is the sole avenue for judicial review for all claims arising under the Medicare Act." Anderson v. Sullivan, 959 F.2d 690, 693 (8th Cir. 1992) (citation and internal quotation marks omitted).  Under § 405(g), the court lacks subject-matter jurisdiction until "the claimant ... present[s] a claim for benefits to the Secretary and then exhaust[s] the administrative remedies prescribed by the Secretary."  Titus v. Sullivan, 4 F.3d 590, 592 (8th Cir. 1993) (citation omitted).

Defendants argue that, even if plaintiffs have presented their claims to the Secretary, they have not exhausted their

---

[1] Defendants also argue that Degnan's claim is moot. Specifically, defendants argue that, since being alerted of its miscalculation upon the filing of the instant action, the SSA has complied with the court order in Degnan I and is now correctly calculating Degnan's benefits. Plaintiffs respond that the case is not moot because the benefits are still being incorrectly calculated and that several mootness exceptions apply. See Second Am. Compl. ¶ 11. The court need not reach this argument, however, as it determines that waiver of the exhaustion requirement is not warranted.

4

administrative remedies.  In order to establish exhaustion, § 405(g) generally requires a "final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party."  Here, no plaintiff alleges that they received a final decision from the Commissioner or that they had an administrative hearing.[2]

Instead, plaintiffs argue that the administrative exhaustion requirement should be waived.  "[W]aiver of administrative remedies is the exception to the general rule," and occurs only in exceptional circumstances.  Schoolcraft v. Sullivan, 971 F.2d 81, 85 (8th Cir. 1992).  The burden is on the claimant to establish that waiver is proper.  Titus, 4 F.3d at 592.  "[I]n order for administrative exhaustion to be waived, claimants must show (1) [that] their claims to the district court are collateral to their claim of benefits; (2) that irreparable injury will follow [if exhaustion is not waived]; and (3) that exhaustion will otherwise be futile."  Id. (citation omitted).

---

[2] Degnan exhausted his administrative remedies prior to filing suit in Degnan I.  In the present matter, however, Degnan does not seek to directly enforce the previous judgment, but rather introduces new allegations - that the premium calculations from December 2010 to present are incorrect.  And although Degnan sought reconsideration of the 2011 and 2012 calculations, see Siekert Decl. Ex. 3, he did not request a hearing or receive a final decision from the Commissioner.  As a result, Degnan cannot satisfy the exhaustion requirement.

### A. Collateral to a Claim for Benefits

A claim is collateral to benefits if it seeks to challenge something other than the amount of benefits, such as the procedure by which eligibility is determined or the constitutionality of the determination process. See Clarinda Home Health v. Shalala, 100 F.3d 526, 531 (8th Cir. 1996) (describing the collateral factor as examining whether "the litigant ... raises a colorable constitutional claim collateral to his substantive claim of entitlement" (citations and internal quotation marks omitted)); Schoolcraft, 971 F.2d at 86 (waiving exhaustion requirement when "the class ... challenge[s] the Secretary's failure to ensure that uniform standards are applied at all levels of review."). In the present action, plaintiffs seek "compensatory damages for any and all overcharges to their Part B premiums." Second Am. Compl. at Prayer for Relief. Such a claim, however, is "inextricably intertwined with [plaintiffs'] claims for benefits." Heckler v. Ringer, 466 U.S. 602, 614 (1984) (internal quotation marks omitted). As a result, plaintiffs cannot demonstrate that their claim is collateral to their claim for benefits. Therefore, even if plaintiffs could establish futility and irreparable harm, waiver of administrative exhaustion is not warranted.

### B. Equitable Considerations

Plaintiffs next argue that, even if they cannot establish waiver under the three-factor test, requiring administrative

6

exhaustion would nevertheless contradict the purposes of exhaustion. See <u>Bowen v. City of New York</u>, 476 U.S. 467, 484 (1986) ("The ultimate decision of whether to waive exhaustion should not be made solely by mechanical application of the [exhaustion] factors, but should also be guided by the policies underlying the exhaustion requirement."). Exhaustion is generally required "in order [to allow] the agency [to] function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." <u>Schoolcraft</u>, 971 F.2d at 87 (citations and internal quotation marks omitted).

Despite these considerations, plaintiffs argue that exhaustion should be excused, as their claims are entirely legal, do not depend on individual fact determinations and require no development of an administrative record. The exhaustion requirement, however, makes no distinction between "the general legal versus the fact-specific nature of the challenge." <u>Shalala v. Ill. Council on Long Term Care, Inc.</u>, 529 U.S. 1, 13 (2000) (internal quotation marks omitted). Moreover, channeling claims through the administrative process allows "the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying ripeness and exhaustion exceptions case by case." <u>Id.</u> (internal

7

citation marks omitted).  As a result, the court finds that a consideration of equitable factors does not warrant an exception to the exhaustion doctrine.  Therefore, dismissal is warranted.

**III.  Mandamus**

Plaintiffs next argue that mandamus jurisdiction under 28 U.S.C. § 1361 is proper.  Mandamus, however, "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  Heckler v. Ringer, 466 U.S. 602, 616 (1984) (citations omitted).  In this case, plaintiffs retain an opportunity to pursue administrative relief from the SSA.  As a result, they have not exhausted all avenues of relief, and mandamus is not proper.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 22] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 31, 2013

                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court